UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>      Petitioner,<br><br>      v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE,<br><br>      Respondent. | Case No.: 1:21-cv-00532-AWI-JLT (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. 18)<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

On June 10, 2021, Petitioner filed a first amended petition. (Doc. 11.) The Respondent has moved the Court to dismiss the action for failure to state a cognizable federal claim, failure to exhaust state remedies, failure to establish the Court's jurisdiction, and as impermissibly vague. (Doc. 18.) The Court recommends that the motion to dismiss be **GRANTED** and the petition be **DISMISSED**.

## DISCUSSION

I.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(4) provides that the rules are applicable "to proceedings for habeas corpus . . .

to the extent that the practice in those proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases and has previously conformed to the practice in civil actions." Fed. R. Civ. P 81(a)(4).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

Respondent's motion to dismiss asserts that the petition fails to state a federally cognizable claim for habeas relief, fails to exhaust state administrative remedies, fails to establish the Court's jurisdiction, and is impermissibly vague. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a

federal constitutional claim.  Duncan, 513 U.S. at 365-66.  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner did not properly present his federal claims in the state courts. The California Supreme denied Petitioner's habeas petition because he failed to exhaust administrative remedies. (Doc. 18-1 at 15; Doc. 11 at 113, citing In re Dexter, 25 Cal. 3d 921, 925-26 (1979) [a habeas corpus petitioner must exhaust available administrative remedies].) Respondent alleges that by citing Dexter, the California Supreme Court expressly stated that its judgment rested on a state procedural bar. (Doc. 18-1 at 16, citing Harris v. Reed, 489 U.S. 255, 263 (1989).)

Because Petitioner has not properly presented his claim for federal relief in the state courts, the Court will recommend dismissal of the petition for failure to exhaust state remedies. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

///

### III. Failure to State a Cognizable Federal Claim

Petitioner alleges improper recording of certain information – two rules violation reports in 2010 and an allegedly false report of his penile plethysmograph results in 2014 – in his health file for purposes of assessing his continued SVPA commitment. (See Doc. 11 at 5-9.) Respondent correctly asserts that Petitioner fails to allege a violation of any constitutional or statutory right. (Doc. 18-1 at 17.) Respondent argues that Petitioner does not identify any process due to him, under the SVPA or otherwise, that was denied in any annual assessment conducted since the reporting of the rule violation reports in 2010 and the reporting of the penile plethysmograph results in 2014. (Doc. 18-1 at 17.) Additionally, Respondent contends that the presence of the allegedly false documents in Petitioner's file is not so severe as to implicate the Due Process Clause of its own force, and Petitioner cannot show that the documents will have an inevitable effect on the duration of his commitment. (Doc. 18-1 at 17-18.) Respondent also alleges that the Petitioner's claims are vague and conclusory. (Doc. 18-1 at 21.)

Moreover, Respondent correctly asserts that Petitioner fails to present a federal claim, since Petitioner is challenging the application and interpretation of state law. (Doc. 18-1 at 20.) It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law"); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings). Respondent alleges that given the California Supreme Court's citation to In re Dexter in its summary denial of Petitioner's exhaustion petition, this Court should find that Petitioner's claims are procedurally barred. (Doc. 18-1 at 20-21.) Petitioner's challenge does not give rise to a federal question cognizable on federal habeas review. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus").

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge

assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 12, 2021**           _ **/s/ Jennifer L. Thurston**
                                    CHIEF UNITED STATES MAGISTRATE JUDGE